UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-1560 JGB (KKx)** | Date | June 27, 2018 |
|---|---|---|---|
| Title | *John Ryan v. Bre Throne Plaza Rio Vista, LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Re: Service of Process (IN CHAMBERS)

On August 3, 2017, Plaintiff John Ryan, proceeding pro se, filed a complaint against Bre Throne Plaza Rio Vista, LLC and Brixmore Property Group (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint is vague on the law and the facts, but generally asserts "improper landlord/tenant procedures." (Id.)

However, the Court has not received any proofs of service regarding Defendants in this case, and is unsure whether Plaintiff complied with the proper procedures for service. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own motion after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m). Since the Complaint was filed on August 3, 2017, Plaintiff had until November 1, 2017 to serve the Defendants.

The Court notes Plaintiff filed a Notice of Filing of Lis Pendens on August 28, 2017, (Dkt. No. 9), however if this was an attempt at service, it was improper. For Plaintiff's reference, proper service must include a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Because Defendants are domestic corporations, Plaintiff must effectuate service pursuant to Federal Rule of Civil Procedure 4(h). For Plaintiff's ease of reference, Rule 4(h) provides:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

    (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h)(1)-(2). Accordingly, the Court ORDERS Plaintiff to show cause in writing **no later than July 11, 2018** why this action should not be dismissed for failure to effect proper service. A failure to respond to this Order or an inadequate response will result in the dismissal of this action.

    **IT IS SO ORDERED.**